UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EASTERN ATLANTIC STATES CARPENTERS BENEFIT FUNDS as successors to KEYSTONE MOUNTAIN LAKES REGIONAL COUNCIL OF CARPENTERS AND THE TRUSTEES THEREOF,<br><br>Petitioners,<br>v.<br><br>CHENG'S CONSTRUCTION INC.,<br><br>Respondent. | Civ. No. 24-223 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on an unopposed petition by Petitioners, Eastern Atlantic States Carpenters Benefit Funds as successors to Keystone Mountain Lakes Regional Council of Carpenters and the Trustees Thereof ("Eastern Atlantic"), seeking to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9 and 13. ECF Nos. 1-2.

## I. BACKGROUND

Petitioner Eastern Atlantic is a labor organization for carpenters. The New Jersey Carpenters Funds ("Funds") are trust funds within the meaning of the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, and employee benefit plans within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* Respondent, Cheng's Construction Inc., is a business entity and a signatory to a Collective Bargaining Agreement ("CBA") and related Declarations of Trust of the Carpenters' Funds ("Trust Agreements").

On November 30, 2023, J.J. Pierson, an arbitrator, conducted a hearing and determined that the Respondent is bound to a CBA with the Eastern Atlantic States Regional Council of Carpenters, which provides for contributions made by employers, such as Respondent, to Eastern Atlantic. The arbitrator also determined that the CBA further requires employers to submit to an audit at the discretion of the Trustees of the Funds

1

("Trustees") and to pay the resulting auditing and arbitration fees. Respondent failed to appear for the hearing after due notice. ECF No. 1, Ex. D. On December 4, 2023, the arbitrator issued an Audit Order and Award memorializing its determinations made during the November 30, 2023 hearing and ordering the Trustees to commence an audit of the payrolls and other records of Respondent from January 1, 2021 through December 31, 2023. The arbitrator ordered Respondent to immediately cooperate in the performance of the audit and to pay the relevant costs, including the $250.00 fee of the arbitrator and $400.00 in court filing fees if the Trustees deemed it necessary to enforce the order in court. ECF No. 1, Ex. D.

Petitioners allege that Respondent has failed to comply with the December 4, 2023 Audit Order and Award and now petition this Court to enter an order confirming the award and directing that judgment be entered in the amount of $650.00. Respondent has not appeared or raised any objections in this proceeding.

## II. DISCUSSION

The Federal Arbitration Act ("FAA") provides that: "at any time within one year after the award is made any party to the arbitration may apply ... for an order confirming the award, and thereupon the court **must** grant such an order unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9 (emphasis added). "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020) (citations and quotation marks omitted). "The FAA not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding." *Id.*

Given the strong presumption in favor of arbitration, a court's review of an arbitration award is "exceedingly narrow." *Eichleay Corp. v. Int'l Ass'n of Bridge, Structural, & Ornamental Iron Workers*, 944 F.2d 1047, 1056 (3d Cir.1991). A court may vacate an arbitrator's award when it does not "draw its essence from the collective bargaining agreement." *Tanoma Min. Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 747-48 (3d Cir. 1990). "[S]o long as the arbitrator arguably has construed or applied the contract, the award must be enforced, even if the court is convinced that the arbitrator has committed a serious error." *News Am. Publications, Inc. Daily Racing Form Div. v. Newark Typographical Union Loc. 103*, 921 F.2d 40, 41 (3d Cir. 1990) (citing *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). Vacatur is proper only if an arbitrator exceeds his authority or manifestly disregards the law. *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279-80 (3d Cir. 2004).

The Court notes that several provisions in the Trust Agreements provide for the Trustees to audit the records of the employer signatories to the CBA, such as Respondent.[1] These provisions also provide that in certain circumstances, the employers are required to pay for any fees incurred.[2] Other provisions in the Trust Agreements similarly give the Trustees the ability to require employers to furnish payroll information and other reports as necessary to ensure the employers' compliance with their full payment to the Funds.[3] Accordingly, the arbitrator's decision drew its essence from the CBA and Trust Agreements and did not exceed his authority or manifestly disregard the law. Thus, the Court will confirm the December 4, 2023 Audit Order and Award and enter judgment for Petitioners totaling $650.00.

### III. CONCLUSION

For the reasons set forth above, the December 4, 2023 Audit Order and Award by Arbitrator J.J. Pierson, Esq., ECF No. 1, Ex. D, is **confirmed**.

An appropriate Order and Judgment follow.

_/s/ William J. Martini_
WILLIAM J. MARTINI, U.S.D.J.

Date: February 25, 2024

---

[1] *See* Article V, Section 1 of the Agreements and Declarations of Trust creating and establishing both the New Jersey Carpenters' Vacation Fund and the Apprentice Training and Educational Fund. ECF No. 1, Ex. C at 71-72, 74-75.

[2] *Id. See also, e.g.*, Article XXVI, Section 2 of the CBA. ECF No. 1, Ex. A at 27.

[3] *See* Article III, Section 2 of the January 1, 1962 Amended and Supplemental Agreements and Declarations of Trust for the New Jersey Carpenters' Pension and Welfare Funds. ECF No. 1, Ex. C at 65, 67.